UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ZALMEN POLLAK,

                     Plaintiff,

            - against -

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

                     Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-6738 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

      On December 6, 2021, Defendant Portfolio Recovery Associates, LLC filed a Notice of Removal of Plaintiff Zalmen Pollak's putative class-action lawsuit brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  On December 20, 2021, the Court issued an order directing the parties to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction in light of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).  (*See* 12/20/2021 Order to Show Cause.)  On January 6, 2022, Defendant filed a letter in response to the Court's show-cause order, arguing that Plaintiff has alleged sufficient injury-in-fact to demonstrate Article III standing.  (*See* Dkt. 7.)  Plaintiff filed a letter in response to Defendant's letter on January 21, 2022, arguing that Plaintiff does not have Article III standing.  (*See* Dkt. 9.)  The Court finds that Plaintiff lacks standing to proceed in federal court and remands this case to the Supreme Court of the State of New York, Kings County.

      Plaintiff alleges the following facts in his complaint.  Defendant sent a letter to Plaintiff on June 25, 2021, in an effort to collect a debt. (Class Action Complaint ("Compl."), Dkt. 1-2, ¶ 35.) Defendant's letter allegedly (1) "misrepresented the enforceability" of the debt, (2) "was materially misleading as to the ownership" of the debt, and (3) "was materially deceptive as to the validity"

1

of the debt.  (*Id.* ¶¶ 47–49.)  Plaintiff further alleges that Defendant's letter violated the FDCPA because the "Claimed Amount" of the debt was "overstated" (*id.* ¶¶ 102–03), and because "Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect" (*id.* ¶¶ 65).  Plaintiff contends that he was "misled," "forced to hire counsel," and incur "damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim."  (*Id.* ¶¶ 50, 56–57.)

Plaintiff lacks standing to bring his claims in federal court.  "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . in federal court."  *TransUnion*, 141 S. Ct. at 2205.  Here, Plaintiff does not allege that he suffered any concrete harm resulting directly from Defendant's alleged statutory violations.  Plaintiff alleges only that he incurred costs by hiring an attorney to "review[] Plaintiff's rights under the law and prosecut[e] this claim."  (Compl., Dkt. 1-2, ¶ 56.)  However, the burdens of bringing a lawsuit cannot be the sole basis for standing.  *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998) ("[R]eimbursement of the costs of litigation cannot alone support standing.").

Furthermore, although efforts to mitigate a sufficient risk of harm stemming from a statutory violation may potentially qualify as concrete injuries, see *Cavazzini v. MRS Assocs.*, No. 21-CV-5087 (ARR) (ST), 2021 WL 5770273, at *7 (E.D.N.Y. Dec. 6, 2021) (citations omitted), Plaintiff has not alleged any underlying harm or risk of harm that supports treating the cost of his mitigation efforts as a concrete injury.  *See Cavazzini*, 2021 WL 5770273, at *7 (finding no concrete injury caused by mitigation efforts when the underlying harm itself was not concrete); *see also Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 65 (2d Cir. 2021) (Plaintiffs "must 'plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief.'" (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d

Cir. 2018))).  Indeed, in *Cavazzini*, an FDCPA action, the court found that the plaintiff's claims of having wasted time, being confused, and risking damages by seeking legal advice did not establish concrete injury.  2021 WL 5770273, at *7 (remanding based on lack of concrete injury).  The court explained that these types of alleged injuries are not sufficiently concrete unless they are "inextricably bound up in a cognizable injury," such as where a plaintiff faces a sufficient risk of harm and then spends time, money, and effort mitigating that risk.  *Id*.  Here, Plaintiff does not allege a cognizable injury, *i.e.*, a sufficient risk of harm that he allegedly spent time and money to mitigate.  This is insufficient to establish Article III standing.  *Cf. In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1262 (11th Cir. 2021) ("[W]hen a plaintiff faces a *sufficient risk of harm*, the time, money, and effort spent mitigating that risk are also concrete injuries." (emphasis added)), *cert. denied sub nom. Huang v. Spector*, 142 S. Ct. 43 (2021); *Reed v. IC Sys.*, 15-CV-279 (KRG), 2017 WL 89047, at *4 (W.D. Pa. Jan. 10, 2017) ("Plaintiff, as the object of [125] phone calls from Defendant which caused her wasted time and annoyance, has suffered injury in precisely the form the FDCPA was intended to guard against," an injury "sufficiently concrete to confer standing." (internal quotation marks, citation, and brackets omitted)); *Stromberg v. Ocwen Loan Serv'g, LLC*, No. 15-CV-4719 (JST), 2017 WL 2686540, at *1, 6 (N.D. Cal. June 22, 2017) (recognizing as concrete injuries "expenditures of time and money" in ensuring that a mortgage was recorded).  Similarly, although Defendant argues that "monetary harms" can traditionally confer standing, a mere request for damages, without factual allegations that confer standing, is not enough.

   Lastly, the Court denies Defendant's request for jurisdictional discovery.  "[A] district court does not abuse its discretion if it denies jurisdictional discovery where" a party fails "to show how the information [it] hoped to obtain from this discovery would bear on the critical issue for

3

jurisdiction." *Haber v. United States*, 823 F.3d 746, 753 (2d Cir. 2016) (internal quotation marks omitted) (citing, *inter alia*, *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to" confer jurisdiction.)). Here, despite being given the opportunity to demonstrate the Court's subject matter jurisdiction, Plaintiff has not proffered any allegations beyond those set forth in the Complaint. Thus, because the record does not show that "the requested discovery is . . . likely to produce the facts needed" to establish jurisdiction, the Court declines to exercise its discretion to permit jurisdictional discovery.

Accordingly, Plaintiff has not alleged any concrete injury and does not have Article III standing, and the Court therefore lacks subject matter jurisdiction. In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## CONCLUSION

The Clerk of the Court is respectfully directed to remand the entire action to the Supreme Court of New York, Kings County, and to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 24, 2022
  Brooklyn, New York

4